[No. 21735. Department One. May 2, 1929.]

A. F. WARWICK et al., *Respondents,* v. PALMERTON-MOORE GRAIN COMPANY, *Defendant,* FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant.*[1]

*Williams & Cornelius* and *O. C. Moore,* for appellant.

*Munter & Munter,* for respondent.

TOLMAN, J.—This action is the same in its principal features as that of *Commercial State Bank v. Palmerton-Moore Grain Co., ante* p. 89, 277 Pac. 389. All of the questions raised in this case are controlled by the decision in that case, save only one.

[1]Reported in 277 Pac. 393.

The grain company, by its answer, pleaded that Barron wrongfully disposed of a portion, only, of the wheat deposited in the warehouse by the respondent, and that 516 sacks of respondent's wheat still remained in the warehouse subject to his order, of which fact he had been advised.

The respondent testified on cross-examination to the effect that his wheat and the McEachern wheat, which is involved in the case of *McEachern v. Palmerton-Moore Grain Co., post* p. 699, 277 Pac. 393, was placed in a special pile in the warehouse, and that he knew that a part of that pile still remained there after Barron absconded and at the time he made his demand upon the grain company. When asked why he did not take this remaining wheat, he answered:

"We asked Mr. Palmerton to deliver that wheat to us at different times and he wouldn't deliver it to us; so we wasn't running no warehouse business; we had no right to take the wheat."

He further testified that, at a later time, Mr. Palmerton was willing that he should take the wheat, but was unwilling to deliver it. This was, in substance, repeated by this and other witnesses in differing forms, but nothing more favorable to appellant than that which has been quoted, appears. Mr. Palmerton's testimony on this subject is practically to the same effect, and it seems apparent that the grain company was then relying upon the defenses which it afterwards interposed, and did not want to do any affirmative act which might be construed as an admission of responsibility after the warehouse was turned over to Barron.

The warehouseman's liability to deliver upon demand, and the return of the receipts properly endorsed is absolute under the statute. Rem. Comp. Stat., § 7001. No point can be made of the failure of

the respondent to have a car placed to receive the wheat (if that was his duty under any circumstances), because the grain company had plainly indicated that it would not accept the responsibility of making delivery, and to provide facilities to receive the wheat, which it had declined to deliver, would have been idle and useless.

These facts fully support the findings of the trial court of a failure and refusal to make delivery on proper demand, and therefore the judgment is affirmed.

MITCHELL, C. J., HOLCOMB, and BEALS, JJ., concur.